## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 11-19277 |
| INDIANA EQUITY | § | |
| INVESTMENTS, LLC, | § | Chapter 11 |
| | § | |
| Debtor. | § | Hon. Eugene Wedoff |
| | § | |

### SECOND INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL OF FEDERAL NATIONAL MORTGAGE ASSOCIATION AND PROVIDING ADEQUATE PROTECTION

This matter having come before the Court on the Motion for Authority to Use Cash Collateral and For Related Relief (the "Motion") filed by Indiana Equity Investments, LLC, an Indiana limited company, (the "Debtor"), as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Case"), seeking entry of an interim order (the "Interim Order") pursuant to § 363 of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing use of cash collateral of Federal National Mortgage Association ("Fannie Mae");[1] and this Court having entered a First Interim Order Authorizing Use of Cash Collateral on May 12, 2011. The parties hereby stipulate as follows:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. On May 5, 2011 (the "Petition Date"), Debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Debtor continues in possession and management of its business pursuant to 11 U.S.C. §§ 1107, 1108.

C.    Debtor is the owner of two commercial multi-family properties located at 1004 Fayette Drive and 1802 Chartwell Drive in Fort Wayne, Indiana, which real property and the buildings and improvements located thereon are hereinafter referred to as the "Properties." A copy of the legal descriptions of the Properties is attached hereto as **Exhibit "A"** and incorporated herein by reference.

D.    It is disputed as to whether the Debtor's Case is a "single asset real estate" case as defined in 11 U.S.C. § 101(51B).

E.    Prior to, on and after the Petition Date, Debtor has received and collected, and continues to receive and collect, rents, issues, proceeds, profits, accounts receivable, (collectively, the "Rents") arising from the Properties

F.    Debtor is requesting the use of the Rents in order to operate the Properties and provide services to tenants of the Properties

G.    Pursuant to the following instruments (collectively, the "Loan Documents"), Fannie Mae alleges it has a first position lien on, and duly perfected security interest in, *inter alia*, the Properties, the Rents, and certain personal property (the "Personal Property") as more fully described in Loan Documents (collectively, the "Pre-Petition Collateral"):

(i)     the Multifamily Note dated February 16, 2006 in the original principal amount of $7,540,000.00 (the "Note");

(ii)    the Multifamily Mortgage, Assignment of Rents and Security Agreement, which was duly recorded with the Allen County, Indiana Recorder on February 17, 2006, Document No. #206008158 (the "Mortgage");

---

[1] The Debtor's Motion references Arbor Commercial Mortgage as the "Lender." Fannie Mae is the owner

(iii)   the Assignment of Multifamily Mortgage, dated February 16, 2006 which was duly recorded with the Allen County, Indiana Recorder, Document No. #2060081590; and

(iv)   the Assignment of Collateral Agreements and Other Loan Documents.

H.   The Rents (in which Fannie Mae has asserted a valid, duly perfected, first-priority lien on, and security interest in) constitute cash collateral of Fannie Mae within the meaning of 11 U.S.C. § 363.

I.   As of the Petition Date, Fannie Mae asserts that the Debtor is indebted to Fannie Mae pursuant to the Loan Documents in an amount no less than $8,189,767.42, plus interest, fees, charges, and all other obligations allowable pursuant to the Loan Documents and applicable law (collectively, the "Pre-Petition Indebtedness").

J.   Fannie Mae also asserts that is has claims under the Loan Documents against Debtor relating to post-petition interest, reasonable costs, attorneys' fees, and any and all other amounts to the extent permitted by the Bankruptcy Code and applicable law.

K.   Debtor believes that it is in the best interests of the estate and its creditors that Debtor be permitted to utilize the Rents subject to the terms and conditions set forth herein.

L.   The entry of this Interim Order to allow Debtor to utilize the Rents only in the manner provided herein and to provide Fannie Mae with adequate protection as provided herein is in the best interest of Debtor, the estate, and its creditors.

---

and the holder of the Note and Mortgage at issue and is a secured creditor in the Debtor's bankruptcy case.

3

Debtor is hereby authorized on a limited and interim basis to use the Rents, as defined herein, only in accordance with the terms and conditions provided in this Interim Order, and **IT IS HEREBY ORDERED AS FOLLOWS:**

### Segregation and Accounting

1.      Debtor shall deposit all Rents and all other income it receives, including, but not limited to, all:   (a) cash;  (b) cash equivalents, whether in the form of cash, negotiable instruments, documents of title, securities, deposit accounts, or in any other form, which represent income, proceeds, products, rents or profits of the Pre-Petition Collateral, whether on hand as of the Petition Date or collected thereafter, and all other "cash collateral" within the meaning of Section 363(a) of the Bankruptcy Code (collectively, the "Cash Collateral") into a debtor-in-possession account (the "DIP Account") and shall pay all expenses as authorized herein, using the DIP Account.  The DIP Account shall be held in the name "Indiana Equity Investments, LLC, as Debtor in Possession."

2.      Debtor shall deposit all Cash Collateral and other income it receives during the pendency of Debtor's Case into the DIP Account.  Debtor shall account for all Cash Collateral which Debtor possesses; which Debtor has permitted to be transferred into the possession of others, if any; which is being held by those in privity with Debtor; or which the Debtor might hereafter obtain.  Debtor shall provide to Fannie Mae monthly accounting of all deposits to, and disbursements from, the DIP Account on the tenth (10th) day of each month for the prior month. Debtor shall also account for and deposit into the DIP Account all Rents and other income received by Debtor and held by Debtor, Joseph Junkovic, Thomas Junkovic, Frano Junkovic, Maria Junkovic, and/or any property management company or any management employee.

4

### Limited Use of Cash Collateral

3.      Debtor shall be permitted to use the Rents solely to pay the expenditures specifically identified in the Budget attached hereto as **Exhibit "B"** (the "Budget") for the period (the "Interim Period") from the Petition Date up to and including June 30, 2011 (the "Termination Date"). Debtor shall be authorized to make expenditures only for the purposes and in the amounts set forth in the Budget, unless (i) Fannie Mae consents in writing in advance to an additional expense or expenses within the Interim Period or (ii) the Court approves such additional expense or expenses after notice and a hearing.

### Adequate Protection

4.      As partial adequate protection for the interests of Fannie Mae in the Rents pursuant to 11 U.S.C. §§ 361, 363(c) and 363(e), and in consideration of Debtor's use thereof, Debtor shall take the following actions:

(a)      Cash Collateral Payment. Fannie Mae expressly reserves all rights to seek cash collateral payments from Debtor in the second interim cash collateral order and subsequent interim orders and any final cash collateral order.

(b)      Tax Escrow Payment. Debtor shall make a deposit to Fannie Mae in connection with Debtor's tax escrow on or before June 15, 2011 in the amount of $14,510.60.

(c)      Insurance. Debtor shall at all times maintain insurance coverage in accordance with the terms and conditions of the Loan Documents and subject to Fannie Mae's approval. Debtor shall deliver,

5

upon request, evidence of the continued maintenance of such insurance within three (3) calendar days of Debtor's receipt of such request. Debtor shall make a deposit to Fannie Mae in connection with the insurance escrow on or before June 15, 2011 in the amount of $6,051.59.

(d)    Repairs.  Debtor shall make all repairs and improvements cited in the attached Budget for the month of June 2011 under the heading "REPAIRS AND MAINTENANCE EXPENSE" (including, but not limited to, all items identified under the categories "Decorating," "Contract Expense" and "Other Repairs and Maintenance") and under the heading "CAPITAL EXPENDITURES" (collectively, the "Repairs") for both Properties by June 30, 2011.  To the extent Debtor does not make such Repairs by June 30, 2011, Debtor shall deposit into the Replacement Reserve Account by June 30, 2011 all funds allocated under the Budget for such Repairs that have not been made by June 30, 2011.  Debtor shall certify to Fannie Mae in writing on June 30, 2011 that all Repairs to the Properties, to the extent they have been made or completed, have been made in a good and workmanlike manner.

(e)    Replacement Liens.

(a)    As additional adequate protection of Fannie Mae's interests in, *inter alia*, the Pre-Petition Collateral, the Cash Collateral, and any diminution in value thereof during the pendency of this Case, and in consideration of Debtor's use

6

thereof, and to the extent, if any, that the liens granted in this Paragraph are not encompassed within the liens granted pursuant to the Loan Documents, Debtor shall grant, and Fannie Mae shall have, valid and automatically perfected first priority replacement and security interests (ahead of all other liens (the "Post-Petition Liens"), in and upon any and all assets of Debtor, including, but not limited to, the Properties, Personal Property, Rents, and all assets described as collateral in the Loan Documents and this Interim Order, tax refunds, insurance proceeds, insurance premium refunds, security deposits, utility deposits, and bonds and proceeds of same whether acquired before or after the Petition Date, whether now owned and existing or hereafter acquired, created, or arising, and all products and proceeds thereof (including, without limitation, claims of Debtor against third parties for loss or damage to the aforementioned items), and all accessions thereto, substitutions and replacements thereof, and wherever located, and all assets acquired by Debtor post-petition and recoveries by the estate under any provision of Bankruptcy Code or other applicable law (except recoveries pursuant to 11 U.S.C. §§ 547, 548, and 550), leases and occupancy agreements and all amendments, modifications, extensions, or renewals of leases and occupancy agreements relating to the Properties, which,

7

on or after the Petition Date Debtor has entered into or enters into, and all rents, income and profits arising therefrom and also Fannie Mae shall be and hereby is granted replacement security interests and liens in any real or personal property Debtor's estate acquired or acquires on or after the Petition Date in which Fannie Mae would have had a valid, effective and perfected lien or security interest were it not for 11 U.S.C. § 552(a) (collectively, the "Post-Petition Collateral").   The liens and security interests granted hereunder to Fannie Mae shall be prior to any post-petition assignment, lien, or interest in favor of any other person.

(b)   The Post-Petition Liens are, and for all purposes shall be deemed to be, valid and enforceable, and no filing or recordation or other act shall be necessary to create or perfect such liens.   Fannie Mae shall not be required to file financing statements, mortgages or other documents in any jurisdiction or take any other action in order to validate or perfect the respective security interests granted to it under this Interim Order and related instruments, documents and agreements.  If Fannie Mae, in its sole discretion, chooses to file such financing statements, mortgages or other documents or otherwise confirm perfection of such security interests, all such financing statements or similar documents shall

8

be deemed to have been filed or recorded and perfected at the time and on the date of entry of this Interim Order.

(c)     At the reasonable request of Fannie Mae, Debtor shall execute and deliver to Fannie Mae such further documents and instruments and will do such further acts as Fannie Mae may deem advisable or necessary to assure to Fannie Mae the granting and perfection of all of the rights and interests given or intended to be given to Fannie Mae.

5.     To the extent the adequate protection provided herein is insufficient to adequately protect Fannie Mae's interests in, *inter alia*, the Pre-Petition Collateral, the Cash Collateral, and any diminution in value thereof during the pendency of this Case, Fannie Mae is hereby granted all of the other benefits and protections allowable under 11 U.S.C. § 507(b).

### Reporting and Audit Requirements

6.     Operating Reports.  Debtor shall provide to Fannie Mae a copy of each monthly operating report filed with the Court.

7.     Weekly Reports.  Debtor shall provide Fannie Mae with reports not later than 12:00 noon CST on each Wednesday for the week ending the previous Friday for the term of this Interim Order, a statement of revenues and expenditures, including the checkbook register for Debtor.

8.     Other Reporting.  Debtor shall provide to Fannie Mae such additional financial or other information concerning the acts, conduct, property, assets, liabilities, operations, financial condition, transactions of Debtor, or concerning any matter which may affect the

9

administration of the estate, as Fannie Mae may from time to time reasonably request within

three (3) business days of any such request.

9.    Audits and Inspections.  Upon two (2) business days notice, and during normal

business hours Debtor shall cooperate with and permit representatives, agents or employees of

Fannie Mae to visit, inspect, and have reasonable access to Debtor's books and records, the

personnel of Debtor who are familiar with Debtor's books and records or the information set

forth therein, the Properties, and such other information as Fannie Mae may reasonably request.

Debtor shall keep its books and records current and updated so that all business activities are

posted to them within two (2) business days of such activity.

## Default and/or Termination

10.    Debtor's failure to comply with the terms and conditions of this Interim Order

shall constitute an event of default ("Event of Default").  Upon the occurrence of any Event of

Default, Fannie Mae shall provide Debtor's counsel written notice of such default (which may

be accomplished by email, facsimile transmission, hand delivery, or overnight delivery).  If

Debtor has failed to fully and completely cure any such Event of Default to Fannie Mae's

satisfaction within four (4) business days after receipt of notice of the Event of Default by

Debtor's Counsel, then without any further act, notice or action by Fannie Mae or any further

notice, hearing, act or order of this Court, Debtor's authority to use Cash Collateral and any and

all obligations of Fannie Mae under this Interim Order shall terminate.  Upon such termination,

Debtor shall immediately cease making any use of or disbursement of the Cash Collateral and

Post-Petition Collateral from the DIP Account.  Debtor shall continue to deposit receipts

10

CHIC_5384851.5

pertaining to the Properties into the DIP Account but the account shall otherwise be frozen absent written agreement of Fannie Mae.

11.    In the event that Debtor has failed to fully and completely cure an Event of Default to Fannie Mae's satisfaction within four (4) business days after receipt of notice of the Event of Default by Debtor's Counsel, on motion and within seven (7) calendar days notice, Fannie Mae shall be entitled to a hearing for relief from the automatic stay.

12.    Fannie Mae's failure to provide written notice of an Event of Default shall in no way be deemed a waiver of Fannie Mae's rights or remedies under this Interim Order.

13.    Any termination of Debtor's authority to use the Rents hereunder shall be without prejudice to Debtor's right to file an additional motion for authority to use of cash collateral.

14.    Debtor's authorization to use the Rents held in the DIP Account shall terminate on July 1, 2011.

### Other

15.    Except as otherwise provided herein, the terms and conditions of the Loan Documents shall not be impaired by this Interim Order, and Fannie Mae shall have all of its rights and remedies thereunder, subject to the provisions of the Bankruptcy Code, applicable state law and the authority of the Court. Debtor shall perform all of its obligations under the Loan Documents, including, without limitation, insuring the Properties and paying taxes with respect to the Properties in accordance with the Loan Documents.

16.    Nothing contained in this Interim Order shall be deemed to be a consent by Fannie Mae to any charge, lien, assessment or claim against under 11 U.S.C. § 506(c) of the Bankruptcy Code or otherwise.

11

17.    The terms of this Interim Order shall not constitute conclusive or presumptive evidence concerning the issues of value of any of Fannie Mae's collateral or adequate protection of Fannie Mae.

18.    This Interim Order shall not be construed to be a waiver or admission by Fannie Mae regarding Fannie Mae's claims, defenses, or remedies and nothing herein shall be construed to affect Fannie Mae's right to seek further and additional relief.

19.    This Interim Order shall not be construed to be a waiver or admission by Debtor regarding Debtor's claims, defenses, or remedies and nothing herein shall be construed to affect Debtor's right to seek further and additional relief.

20.    Except for the liens, mortgages and security interests granted to Fannie Mae, and except as may be agreed to in writing by Fannie Mae as ordered by the Court, Debtor shall not cause, permit or consent to any liens, mortgages, or security interests to encumber any or all of the Properties.

21.    To the extent that any Rents or funds held in the DIP Account are used by Debtor for any purpose not permitted by this Interim Order, Fannie Mae shall have an allowed claim to the extent such Rents or Funds are used for any purposes not permitted by this Interim Order. The priority of such allowed claim, whether administrative or super-priority, shall be determined by the Bankruptcy Court.

22.    Nothing herein contained shall prejudice the right of Fannie Mae at any time to seek:  (a) the appointment of a trustee in this Case, (b) relief from the automatic stay, (c) dismissal or conversion of this Case, or (d) any other relief.  This Interim Order is without

CHIC_5384851.5

prejudice to the rights of Debtor and/or Fannie Mae to seek, after notice and hearing, any modification of this Interim Order.

## Final Hearing

23.    This Interim Order may be relied upon by Fannie Mae and Debtor without the necessity of entry into the docket sheet of the Debtor's Case.

24.    This Interim Order shall be an interim order, and a final hearing (the "Final Hearing") on the use of the Rents shall be held on June 28, 2011, at 10:00 a.m. in Courtroom 744 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois.

## Notice

25.    Debtor shall cause to be served on counsel for Fannie Mae copies of all pleadings, substantive motions, notices, proposed orders, or other papers filed by Debtor in this Case.

26.    Debtor shall promptly mail copies of this Interim Order on all of the following parties:  (a) to the United States Trustee for the Northern District of Illinois, Eastern Division; (b) counsel for Fannie Mae; (c) the parties listed on each of Debtor's List of 20 largest unsecured creditors; (d) the parties having been given notice of the Motion, (e) any other party which has filed a request for notices with the Court, (f) and any official committee of creditors after the same is appointed, or committee counsel if counsel has been retained and appointed.

27.    Any party in interest objecting to the relief sought at the Final Hearing shall file and serve written objections by facsimile, hand delivery, overnight delivery, or first class U.S. Mail postage prepaid so as to be received by the relevant parties no later than 4:00 p.m. CST

CHIC_5384851.5

three (3) business days before such hearing.  Service of any such objections shall be made on

counsel for Debtor:

> David K. Welch
> Arthur Simon
> Jeffrey Dan
> Crane Heyman, Simon, Welch & Clar
> 135 South LaSalle Street, Suite 3705
> Chicago, IL 60603
> Tel: (312) 641-6777
> Fax: (312) 641-7114

and counsel for Fannie Mae:

> Jill L. Nicholson
> Joanne Lee
> Foley & Lardner LLP
> 321 North Clark Street, Suite 2800
> Chicago, IL 60654
> Ph: (312) 832-4500
> Fax: (312) 832-4700

SIGNED this __31__ day of May 2011

_____

**UNITED STATES BANKRUPTCY JUDGE**

14

# Exhibit A

CASE NO.  050208191

EXHIBIT A - LEGAL DESCRIPTION

PARCEL I:

Lots Numbered 1, 2, 3, 4, 5, 6, 7, 8, and 9 in Victoria Colony,
an Addition to the City of Fort Wayne, according to the plat
thereof, recorded in Plat Record 30, pages 20-21, in the Office
of the Recorder of Allen County, Indiana.

ALSO:

Lots Numbered 10, 11, 12, 13, and 14 in Victoria Colony, Section
II, an Addition to the City of Fort Wayne, according to the plat
thereof, recorded in Plat Record 30, pages 63-65, in the Office
of the Recorder of Allen County, Indiana.

ALSO:

Lots Numbered 15, 16, 17, 18, 19, 20, 21, 22, and 23 in Victoria
Colony, Section III, an Addition to the City of Fort Wayne,
according to the plat thereof, recorded in Plat Record 30, pages
87-88, in the Office of the Recorder of Allen County, Indiana.

PARCEL II:

Lots A, B, C, D, E, F, and G in Southtown Villa, Section I, an
Addition to the City of Fort Wayne, according to the plat
thereof, recorded in Plat Record 31, pages 56-57, and the
Amended Plat thereof recorded in Plat Record 31, pages 126-127
of the records in the Office of the Recorder of Allen County,
Indiana.

ALSO:

Lots H, L, and M in Southtown Villa, Section II, Addition to the
City of Fort Wayne, according to the plat thereof, recorded in
Plat Record 32, pages 105-106, in the Office of the Recorder of
Allen County, Indiana.

END OF EXHIBIT A



EXHIBIT

A

# EXHIBIT B

# Autumn Woods Apartments

## 1004 Fayette Drive, Fort Wayne, IN 46816

Units: 210.00

| ACCOUNT DESCRIPTION | | JUNE | JULY | August |
|---|---|---|---|---|
| Starting Cash | | $17,424 | | |
| **INCOME** | | | | |
| Rental Income | $ | 74,814.00 | | |
| Other Income | $ | 1,100.00 | | |
| Total Income | $ | 593,338 | | |
| **EXPENSES** | | | | |
| Payroll | $ | 13,643.00 | | |
| Renting Expenses | $ | 638.00 | | |
| Administrative Expenses | $ | 817.00 | | |
| Financial Consultant | $ | 1,750.00 | | |
| Utility Expenses | $ | 10,500.00 | | |
| Decorating Expenses | $ | 900.00 | | |
| Contract Expenses | $ | 4,151.00 | | |
| Repairs and Maintenance Expenses | $ | 15,982.00 | | |
| Taxes and Insurance Expense | $ | 10,281.00 | | |
| Capital Expenses | $ | 2,750.00 | | |
| Total Expenses | $ | 61,412.00 | | |
| Net Income & Ending Cash Balance | $ | 31,926.00 | | |

**Brentonwood Park Apartments**
1004 Fayette Drive Fort Wayne, IN 46816
Units: 215    BRSF

| ACCOUNT DESCRIPTION | | | JUNE 06/01-06/30/2011 | JULY | AUGUST |
|---|---|---|---|---|---|
| **INCOME** | | | | | |
| **Rental Income** | | Starting Cash | $ 24,539.00 | | |
| 4500-0000 | | Apartment Market Rent | $ 71,918.00 | | |
| **Total Rental Income** | | | $ 96,457.00 | | |
| | | | | | |
| **Concessions** | | | | | |
| 4710-0000 | Apartment Rent Concessions | | | | |
| **Total Concessions** | | | $ (3,498.00) | | |
| | | | | | |
| **Rent Free** | | | | | |
| 4757-0000 | | Rent Free Office | $ - | | |
| 4756-0000 | | Rent Free Operating / Promotional | $ - | | |
| 4755-0000 | | Down Unit Not Rentable | $ - | | |
| **Total Rent Free** | | | $ - | | |
| | | | | | |
| **Other Income** | | | | | |
| **Laundry Income** | | | | | |
| 5716-0000 | | Laundry Income | $ - | | |
| **Total Laundry Income** | | | $ - | | |
| | | | | | |
| **Miscellaneous Income** | | | | | |
| 5614-0000 | | Returned Check Fee | $ 25.00 | | |
| 5800-0000 | | Late Payment Fee/Discount Loss | $ 1,200.00 | | |
| 5612-0000 | | Application Fee | $ 60.00 | | |
| 5925-0000 | | Short Term Lease Fee | $ - | | |
| 5615-0000 | | Lease Termination/Sublease Fee | $ - | | |
| 5750-0000 | | Damages/Cleaning | $ - | | |
| 5614-0000 | | Key Fee | $ 200.00 | | |
| 5614-0000 | | Lock Out Fee | $ - | | |
| 5615-0000 | | Pet Fee | $ - | | |
| 5665-0000 | | Bad Debt Recoveries | $ 50.00 | | |
| 5700-0000 | | Miscellaneous Income | $ - | | |
| **Total Miscellaneous Income** | | | $ 1,535.00 | | |
| | | | | | |
| **Total Other Income** | | | $ 1,535.00 | | |
| | | | | | |
| **TOTAL INCOME** | | | $ 94,494.00 | | |

## OPERATING EXPENSES

### Payroll

| Code | Description | | Amount |
|---|---|---|---|
| 7830-0000 | Leasing Agent Payroll | $ | 4,117.00 |
| 7810-0000 | Manager Payroll | $ | - |
| 7815-0000 | Ownership Payroll | | |
| 7840-0000 | Engineer Payroll | | |
| 7820-0000 | Supervisor Payroll | | |
| 7825-0000 | Janitorial Payroll | | |
| 6510-3000 | Maintenance Payroll | $ | 5,694.00 |
| 7855-0000 | Payroll Taxes | $ | 1,725.00 |
| | Health Insurance | $ | 1,024.00 |

| **Total Payroll** | | $ | **12,560.00** |

### Renting Expenses

| Code | Description | | Amount |
|---|---|---|---|
| 7505-0000 | Advertising & Marketing | $ | 175.00 |
| 7505-0000 | Brochures | | |
| 7430-0000 | Leases & Local Base Pamphlets | $ | 88.00 |
| 7630-0000 | Travel/Mileage Reimbursement | $ | 50.00 |
| 7515-0000 | Miscellaneous Renting Expenses | $ | 400.00 |
| 7252-0000 | Resident Referral | | |
| 7325-0000 | Commissions | $ | - |
| 7700-0000 | Credit Reporting Fees | $ | - |

| **Total Renting Expenses** | | $ | **713.00** |

### Administrative Expenses

| Code | Description | | Amount |
|---|---|---|---|
| 7420-0000 | Office Supplies and Expenses | $ | 135.00 |
| 7410-0000 | Telephone | $ | 200.00 |
| 7425-0000 | Office Equipment Expenses | $ | 100.00 |
| 7615-0000 | Postal/Legal Fees | $ | 207.00 |
| 7615-0000 | Auditing | | |
| 7026-0000 | Bank Fees | $ | 130.00 |
| 6351-0000 | Accounting and Bookkeeping | $ | 200.00 |
| 7992-0000 | Professional Fees | | |
| 6390-0000 | Miscellaneous Administrative Expenses | $ | - |
| 6390-0820 | Employee Training | $ | - |
| 7635-0000 | Dues and Subscriptions | $ | - |
| 7625-0000 | Credit Card Processing | $ | - |

| **Total Administrative Expenses** | | $ | **1,042.00** |

### Professional Fees

| Code | Description | | Amount |
|---|---|---|---|
| 7026-0001 | Professional Fees | $ | 1,750.00 |

| **Total Professional Fees** | | $ | **1,750.00** |

### Utility Expense

| Code | Description | | Amount |
|---|---|---|---|
| 6410-0000 | Electricity | $ | 1,200.00 |
| 6450-0100 | Electrical/Vacant Units | $ | 200.00 |
| 6430-0000 | Water & Sewer | $ | 6,500.00 |
| 6420-0000 | Fuel Gas | $ | 659.00 |

| **Total Utilities** | | $ | **8,559.00** |



## REPAIS AND MAINTENANCE EXPENSE

| | | | |
|---|---|---|---|
| **Decorating** | | | |
| 6250-3000 | Decorating Supplies | $ | - |
| 6256-0000 | Apartment Interior Painting | $ | - |
| 6239-2000 | Common Area Painting | $ | - |
| 6250-0640 | Apartment Interior Make Ready | $ | - |
| 6235-1000 | Exterior Painting | $ | 800.00 |
| **Total Decorating** | | $ | 800.00 |
| **Contract Expense** | | | |
| 6245-0000 | Electric Repairs | $ | 50.00 |
| 6260-0000 | Exterminating | $ | 296.00 |
| 6265-0000 | Landscape/Lawn Maintenance Contract | $ | 2,492.00 |
| 6520-0130 | Elevator Maintenance Contract | $ | - |
| 6485-0000 | Rubbish Removal Service Contract | $ | 1,204.00 |
| 6262-0000 | HVAC Service | $ | - |
| 6200-0000 | Snow Removal | $ | - |
| **Total Contract Expense** | | $ | 4,042.00 |
| **Other Repairs and Maintenance** | | | |
| 6484-0000 | Fire Extinguishers | $ | 690.00 |
| 6220-0000 | Janitorial Supplies | $ | 225.00 |
| 6515-4250 | Shades/Blinds Materials | $ | 1,594.00 |
| 8485-1200 | Carpentry | $ | - |
| 6215-6600 | Appliance | $ | - |
| 6520-2300 | Electrical | $ | 100.00 |
| 6520-3500 | Elevator | $ | - |
| 8485-1515 | Flower and Floor Tile | $ | 200.00 |
| 8485-1511 | Furniture/Furnishings/Carpet | $ | 1,000.00 |
| 8485-1700 | Maintenance Equipment | $ | - |
| 8455-1700 | Parking Lot | $ | 300.00 |
| 6210-5500 | Street Plumbing/Sewer | $ | 600.00 |
| 8455-1000 | Roofs/Gutters/Building Improvements | $ | 6,500.00 |
| 6280-0000 | Window/Glass | $ | - |
| 8455-0000 | HVAC Supplies/Electrical Parts | $ | 500.00 |
| 6210-8500 | Landscaping/Snow Removal | $ | 35.00 |
| 6522-0000 | HVAC | $ | 200.00 |
| 6564-0200 | Automotive Gas and Oil | $ | 20.00 |
| 6570-0100 | Miscellaneous & Tools & Lights & Varnifas | $ | 500.00 |
| 6215-0000 | Licenses and Inspection Fees | $ | - |
| 6216-0000 | Laundry Expense | $ | - |
| 6995-0000 | Swimming Pool Expense | $ | - |
| 6255-0000 | | | |
| **Total Other Repairs and Maintenance** | | $ | 14,160.00 |
| **Garage/Parking Expense** | | | |
| 8455-1100 | Garage Repairs | $ | - |
| **Total Garage/Parking Expense** | | $ | - |
| **Taxes and Insurance** | | | |
| 8580-0000 | Real Estate Tax Escrow Deposit | $ | 10,281.00 |
| 8580-0000 | Real Estate Tax | $ | - |
| Net | | $ | 10,281.00 |
| **Insurance Expense** | | | |
| 8580-0000 | Insurance Escrow Deposit | $ | - |
| 8580-0000 | Insurance Expense | $ | - |
| **Total Insurance Expense** | | $ | - |
| **Total Taxes and Insurance** | | $ | 10,281.00 |
| **TOTAL OPERATING EXPENSES** | | $ | 53,916.00 |
| **NOI BEFORE FINANCIAL AND NONRECURRING** | | $ | 40,578.00 |

## NET OPERATING INCOME

**Non-Recurring**

| Code | Description | | |
|------|-------------|---|---|
| 6210-5000 | Apartment Interior | $ | - |
| 6210-5500 | Common Area Interior | $ | - |
| 6210-5500 | Building Exterior | $ | - |
| 8455-1350 | Building Mechanical | $ | - |
| 8455-1500 | Common Area Exterior | $ | - |
| 6295-6000 | Vehicle Restoration and Repair | $ | - |
| 6593-7000 | Marketing | $ | - |
| 6593-7100 | Standard Rotation | $ | - |
| 6593-9900 | Other | $ | - |
| | **Total Non-Recurring** | $ | 40,478.00 |

**Capital Expenditures**

| Code | Description | | |
|------|-------------|---|---|
| 8455-1000 | Land Improvements | $ | - |
| 8455-1100 | Buildings | $ | - |
| 1420-2000 | Building Fixed Equipment | $ | - |
| 8455-1300 | Building Portable Equipment | $ | - |
| 7465-6000 | Office Furniture / Fixtures / Equipment | $ | - |
| 1465-1000 | Model Apartment Furniture | $ | - |
| 8455-1400 | Furniture / Furnishings / Carpeting | $ | 1,500.00 |
| 8455-1500 | Maintenance Equipment | $ | - |
| 1480-0000 | Motor Vehicles | $ | 600.00 |
| 8455-1450 | Cabinets / Doors | $ | - |
| 1455-0600 | Building Improvements | $ | - |
| 8455-1700 | Parking Lot Improvements | $ | - |
| 1420-1000 | Alterations | $ | - |
| | **Total Capital Expenditures** | $ | 2,100.00 |

**Replacement Reserves**

| Code | Description | | |
|------|-------------|---|---|
| 1250-0000 | Replacement Reserve Deposit | $ | - |
| 1320-2500 | Replacement Reserve Withdraw | $ | - |
| 1732-7500 | Replacement Reserve Reimbursement | $ | - |
| 1325-0000 | Special Contingency Reserve | $ | - |
| | **Net replacement Reserves** | $ | - |
| | **Total Capital and Replacement Reserve** | $ | 2,100.00 |
| | **Cash Flow before Debt and Equity Items** | $ | 38,478.00 |

**Financial Expenses**

| Code | Description | | |
|------|-------------|---|---|
| 2110-0000 | Mortgage Principal | $ | - |
| 8510-0000 | Mortgage Interest | $ | - |
| 6890-0000 | Miscellaneous | $ | - |
| | **Total Financial Expenses** | $ | - |

**Ownership Entity Expenses**

| Code | Description | | |
|------|-------------|---|---|
| 7150-0000 | Ownership Disbursement | $ | - |
| 7160-0000 | Other Entity Expense | $ | - |
| | **Total Ownership Entity Expenses** | $ | - |

| | | | |
|--|--|--|--|
| | **NET CASH FLOW FROM OPERATIONS** | $ | 38,478.00 |

# Brendonwood Park Apts

## 1004 Fayette Drive, Fort Wayne, IN 46816

Units: 215.00

| ACCOUNT DESCRIPTION | | JUNE | JULY | August |
|---|---|---|---|---|
| Starting Cash | | $24,539 | | |
| **INCOME** | | | | |
| | Rental Income | $ 68,420.00 | | |
| | Other Income | $ 1,535.00 | | |
| | Total Income | $94,494 | | |
| **EXPENSES** | | | | |
| | Payroll | 12,560.00 | | |
| | Renting Expenses | 713.00 | | |
| | Administrative Expenses | 1,042.00 | | |
| | Financial Consultant | 1,750.00 | | |
| | Utility Expenses | 8,559.00 | | |
| | Decorating Expenses | 800.00 | | |
| | Contract Expenses | 4,042.00 | | |
| | Repairs and Maintenance Expenses | 14,169.00 | | |
| | Taxes and Insurance Expense | 10,281.00 | | |
| | Capital Expenses | 2,100.00 | | |
| | Total Expenses | $ 56,016.00 | | |
| Net Income & Ending Cash Balance | | $ 38,478.00 | | |

# Autumn Woods Apartments
## 1004 Fayette Drive Fort Wayne, IN 46816

Units: 210
NSSF:

| ACCOUNT DESCRIPTION | | 06/01/11-06/30/2011 | June | July | August |
|---|---|---|---|---|---|
| INCOME | | | | | |
| **Rental Income** | | | | | |
| 4500-0000 | Apartment Market Rent | $ 78,619.00 | | | |
| | Starting Cash | $ 17,424.00 | | | |
| **Concessions** | | | | | |
| 4710-0000 | Apartment Rent Concessions | $ (1,905.00) | | | |
| **Total Concessions** | | $ (1,905.00) | | | |
| **Total Rent Fees** | | $ 94,843.00 | | | |
| **Rent Free** | | | | | |
| 4737-0000 | Rent Free Office | $ - | | | |
| 4755-0000 | Rent Free Operating/Vacancy | $ - | | | |
| 4756-0000 | Down Unit Not Rentable | $ - | | | |
| **Total Rent Free** | | $ - | | | |
| **Other Income** | | | | | |
| **Laundry Income** | | | | | |
| 5710-0000 | Laundry Income | $ - | | | |
| **Total Laundry Income** | | $ - | | | |
| **Miscellaneous Income:** | | | | | |
| 5611-0000 | Returned Check Fee | $ 25.00 | | | |
| 5806-0000 | Late Payment Fee/Discount Loss | $ 850.00 | | | |
| 5612-0000 | Application Fee | $ 50.00 | | | |
| 5924-0000 | Short Term Lease Fee | $ - | | | |
| 5615-0000 | Lease Termination/Sublease Fee | $ - | | | |
| 5750-0000 | Damages/Cleaning | $ 95.00 | | | |
| 5614-0000 | Key Fee | $ - | | | |
| 5614-0000 | Lock Out Fee | $ - | | | |
| 5615-0000 | Pet Fee | $ - | | | |
| 5665-0000 | Bad Debt Recoveries | $ 100.00 | | | |
| 5700-0000 | Miscellaneous Income | $ - | | | |
| **Total Miscellaneous Income** | | $ 1,100.00 | | | |
| **Total Other Income** | | $ 1,100.00 | | | |
| **TOTAL INCOME** | | $ 93,338.00 | | | |

| OPERATING EXPENSES | | |
|---|---|---|
| **Payroll** | | |
| 7830-0000 | Leasing Agent Payroll | $ 950.00 |
| 7810-0000 | Manager Payroll | 4,333.00 |
| 7815-0000 | Ownership Payroll | |
| 7840-0000 | Engineer Payroll | $3,570 |
| 7820-0000 | Supervisor Payroll | |
| 7851-0000 | Janitor Payroll | |
| 7834-0000 | Porter Payroll | 1,120.00 |
| 6510-1600 | Maintenance Payroll | 2,520.00 |
| 7820-0000 | Payroll Taxes | |
| 7850-0000 | Health Insurance | 1,200.00 |
| **Total Payroll** | | 13,663.00 |
| **Renting Expenses** | | |
| 7500-0000 | Advertising & Marketing | |
| 7560-0000 | Brochures | |
| 7430-0000 | Leases & Land Base Pamphlets | 200.00 |
| 7050-0000 | Travel/Mileage Reimbursement | |
| 7515-0000 | Miscellaneous Renting Expenses | 88.00 |
| 7250-0000 | Resident Relations | 50.00 |
| 7525-0000 | Commission | 300.00 |
| 7500-0000 | Credit Reporting Fees | |
| **Total Renting Expenses** | | 638.00 |
| **Administrative Expenses** | | |
| 7420-0000 | Office, Supplies and Expenses | 200.00 |
| 7410-0000 | Telephone | 200.00 |
| 7425-0000 | Office Equipment Expense | 30.00 |
| 7610-0000 | Project Legal Fees | 207.00 |
| 7613-0000 | Auditing | |
| 7620-0000 | Bank Fees | 100.00 |
| 6551-0000 | Accounting and Bookkeeping | |
| 7992-0000 | Professional Fees | |
| 0390-0000 | Miscellaneous Administrative Expenses | |
| 7635-0000 | Employee Training | |
| 0390-0000 | Dues and Subscriptions | |
| 7025-0000 | Credit Card Processing | |
| **Total Administrative Expense** | | 837.00 |
| **Professional Fees** | | |
| 7626-0001 | Professional Fees | 1,750.00 |
| **Total Professional Fees** | | 1,750.00 |
| **Utility Expense** | | |
| 6450-0000 | Electricity | 1,200.00 |
| 6450-0100 | Electricity/Vacant Utility | 200.00 |
| 6430-0000 | Water & Sewer | 8,500.00 |
| 6450-0000 | Fuel Gas | 600.00 |
| **Total Utilities** | | 10,500.00 |
| **REPAIRS AND MAINTENANCE EXPENSE** | | |
| **Decorating** | | |
| 6250-5050 | Decorating Supplies | 900.00 |
| 6250-0000 | Apartment Interior Painting | |
| 6250-2060 | Common Area Painting | |
| 6220-5040 | Apartment Interior Make Ready | |
| 6250-5100 | Exterior Painting | |
| **Total Decorating** | | 900.00 |
| **Contract Expense** | | |
| 6245-0000 | Electric Repairs | 75.00 |
| 6260-0000 | Exterminating | 294.00 |
| 6265-0000 | Landscape Maintenance Contract | 2,275.00 |
| 6320-0150 | Elevator Maintenance Contract | |
| 6460-0000 | Rubbish Removal Service Contract | 8,500.00 |
| 6240-0000 | HVAC Service | 1,599.00 |
| 6265-0000 | Snow Removal | |
| **Total Contract Expense** | | 4,155.00 |

**Other Repairs and Maintenance**

| Account | Description | Amount |
|---|---|---|
| 6464-0000 | Fire Extinguishers | $ — |
| 6225-0000 | Janitorial Supplies | 550.00 |
| 6315-1200 | Sheds/Huts/Materials | 240.00 |
| 8455-1200 | Appliances | 1,500.00 |
| 6215-0000 | Carpenter | — |
| 6520-5100 | Electrical | 45.00 |
| 6520-5200 | Elevator | — |
| 8455-1551 | Floors and Floor Tile | 350.00 |
| 8455-1400 | Furniture/Furnishings/Carpet | 1,000.00 |
| 8455-1700 | Maintenance Equipment | 650.00 |
| 8455-1700 | Parking Lot | 200.00 |
| 6210-5500 | Street Plumbing/Sewer | 855.00 |
| 8455-1600 | Roofs/Gutters/Building Improvements | 6,500.00 |
| 6286-0100 | Windows/Glass | 792.00 |
| 6330-0000 | HVAC Supplies/Electrical Parts | 2,000.00 |
| 6322-0000 | Landscaping/Snow Removal | — |
| 6346-0200 | HVAC | 850.00 |
| 6370-0100 | Automotive, Gas and Oil | — |
| 6346-0000 | Miscellaneous & Tools & Lights & Vanities | 800.00 |
| 6216-0000 | Licenses and Inspection Fees | — |
| 6965-0000 | Laundry Expense | — |
| 6255-0000 | Swimming Pool Expense | — |

**Total Other Repairs and Maintenance** $ 15,592.00

**Garage/Parking Expense**

| 8455-1100 | Garage Repairs | $ — |

**Total Garage/Parking Expense** $ —

**Taxes and Insurance**

| 8340-0000 | Real Estate Tax Escrow Deposit | $ — |
| 8340-0000 | Real Estate Tax | 10,281.00 |
| | Net | 10,281.00 |

**Total Taxes and Insurance** $ 10,281.00

**Insurance Expense**

| 8340-0000 | Insurance Tenants Deposit | $ — |
| 8340-0000 | Insurance Expense | — |

**Total Insurance Expense** $ —

**TOTAL OPERATING EXPENSES**
**NOI BEFORE FINANCIAL AND NONRECURRING** $ 58,662.00

**Non-Recurring**

| 6710-5000 | Apartment Interior | $ — |
| 6210-3000 | Common Area Interior | — |
| 6210-1000 | Building Exterior | — |
| 8455-1550 | Building Mechanical | — |
| 8455-1600 | Common Area Exterior | — |
| 6225-0000 | Vehicle Restoration and Repair | — |
| 6391-7100 | Residual Retention | — |
| 6391-9900 | Other | — |

**Total Non-Recurring** $ 34,676.00

**NET OPERATING INCOME** $ 34,676.00

| Capital Expenditures | | |
|---|---|---|
| 8655-0050 | Land Improvements | $ - |
| 8655-3100 | Buildings | $ - |
| 1420-2000 | Building Flood Equipment | $ - |
| 8455-1100 | Building Portable Equipment | $ - |
| 7665-0000 | Office Furniture / Fixtures / Office Equipment | $ - |
| 1465-1000 | Model Apartment Furniture | $ - |
| 8455-1400 | Furniture / Furnishings / Carpeting | $ 2,000.00 |
| 8650-1000 | Maintenance Equipment | $ - |
| 1480-0000 | Motor Vehicles | $ - |
| 8655-1400 | Cabinets / Doors | $ 750.00 |
| 1655-1600 | Parking Lot Improvements | $ - |
| 8485-1700 | Building Improvements | $ - |
| 1426-1000 | Alterations | $ - |
| **Total Capital Expenditures** | | **$ 2,750.00** |
| **Replacement Reserves** | | |
| 1120-0000 | Replacement Reserve Deposit | $ - |
| 1320-7500 | Replacement Reserve Withdraw | $ - |
| 1325-7500 | Replacement Reserve Reimbursement | $ - |
| 1325-0000 | Special Contingency Reserve | $ - |
| **Net replacement Reserve** | | $ - |
| **Total Capital and Replacement Reserves** | | **$ 2,750.00** |
| **Cash Flow Before Debt and Equity Items** | | **$ 31,926.00** |
| **Financial Expenses** | | |
| 2110-0000 | Mortgage Principal | $ - |
| 8310-0000 | Mortgage Interest | $ - |
| 6800-0000 | Miscellaneous | $ - |
| **Total Financial Expenses** | | $ - |
| **Ownership Entity Expenses** | | |
| 7330-0000 | Ownership Disbursement | $ - |
| 7180-0000 | Other Entity Expense | $ - |
| **Total Ownership Entity Expenses** | | $ - |
| **NET CASH FLOW FROM OPERATIONS** | | **$ 31,526.00** |